## Commonwealth v. Heiple

*Kevin A. Hess, Assistant District Attorney*, for Commonwealth.
*Russell J. Heiple*, for defendant.

WEIDNER, *J.*, September 24, 1973—On April 26, 1973, defendant, Russell J. Heiple, was found guilty, before District Justice Edward J. Carl, of a violation of section 1016(a) of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S.§1016, proscribing the failure to stop for a stop sign. In this case, now on appeal before this court, Mr. Heiple has stipulated that he did, indeed, fail to stop for the stop sign as alleged in the subject citation, but that he was not subject to arrest for said offense for the reason that he was enroute to duty as a member of the Pennsylvania National Guard. Defendant's appeal is based on an asserted immunity granted by the Military Code of 1949, Act of May 27, 1949, P.L. 1903, as amended, 51 P.S. §1-841, providing that:

"No officer or enlisted man shall be *arrested on any warrant*, except for treason or felony, while

going to, remaining at, or returning from, a place where he is ordered to attend for military duty." (Emphasis supplied).

It was stipulated that at the time of the offense defendant was detained for the purpose of the issuance of a citation by one Officer Zaengle.

Defendant argues at length that he was arrested, since Officer Zaengle stopped him for identification for the issuance of a citation. However, on the record before the court there is absolutely no reference to an arrest, nor to a warrant. The only evidence before the court, from the record, is that a violation occurred and a citation was issued. By stipulation, the record shows that "the defendant was detained for the purpose of the issuance of a citation by one Officer Zaengle." However, this is certainly not an arrest or warrant as proscribed by the statute.

Authorities having dealt with the subject question are split in the Commonwealth. Two cases, post dating those cited by defendant and on which the Commonwealth relies, are Commonwealth v. Townend, 45 D. & C. 2d 45 (1968), and Commonwealth v. Talierco, 42 D. & C. 2d 367 (1966). Both of those cases were initiated by summons after defendant drivers were halted by police officers and their identities ascertained. All of the cases cited by both the Commonwealth and defendant predate the citation procedure now provided by the rules of court. Nonetheless, the rules of court throughout distinguish both the issuance of a summons and the issuance of a citation from the issuance of a warrant of arrest. See, for example, [former] Pa.R.Crim.P. 107 and 134. To the contrary, the citation procedure, we submit, was adopted to obviate the necessity of "arresting" defendant.

As noted above, in both Commonwealth v. Town-

end, supra, and Commonwealth v. Talierco, supra, defendant was halted by the police officer and asked to give information for the purpose of the issuance of a summons. As the court noted in the Townend case, supra:

"In the instant case there was no arrest, with or without a warrant. The stopping of the car for identification certainly is not an 'arrest' nor was the prosecution there instituted. The prosecution was not by *any warrant of arrest* while defendant was on his way to a duty station under orders, but was by a summons issued after and entirely apart from such journey although involving a violation of law committed during the journey. That the legislature intended The Vehicle Code regulations to apply to the National Guard is evident from the specific exception granted under section 1004 as to ridden animals of the National Guard . . . actually engaged in training or maneuvers. The clear inference is that unless so excepted the members of the National Guard are subject to the provisions of The Vehicle Code." (Emphasis supplied).

We hold that at no time was defendant arrested within the meaning of section 1-841 of the Military Code and, in any event, there was no apprehension under color of warrant. Accordingly, the subject defendant was not immune from prosecution instituted by citation and ought to be found guilty as charged.

## ORDER

And now, September 24, 1973, at 9 a.m., we find defendant guilty and sentence of the court is that defendant pay the costs and pay a fine of $5 to Middlesex Township, Cumberland County, Pa.